UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEBBIE LEE, | ) |
| | ) Case No.  2:15-cv-00090 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| WELTMAN, WEINBERG AND REIS CO. L.P.A., | ) |
| | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

Now comes the Plaintiff, DEBBIE LEE, by and through her attorneys, and for her Complaint against the Defendant, WELTMAN, WEINBERG AND REIS CO. L.P.A., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Crown Point, Indiana.

5. On information and belief, Defendant is a legal professional association of the State of Ohio, which is not licensed to do business in Indiana, and which has its principal place of business in Cleveland, Ohio.

## COUNT I

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

8. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9. On or about July 25, 2014, an employee, agent and/or representative of Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt.

10. During said communication, Plaintiff informed Defendant's employee, agent and/or representative that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

11. At a court hearing in the Lake County Circuit/Superior Court of Indiana, in the matter of *LVNV Funding LLC v. Debbie Lee*, Case No. 45D09-1402-CC-00054, Plaintiff

informed the attorney representing Defendant, Dustin Allen, that she was she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

12. Despite having received notice of Plaintiff's attorneys' representation on two separate occasions, on or about September 30, 2014, an employee, agent and/or representative of Defendant, who identified herself as "Neisha," placed another telephone call to Plaintiff in another attempt to collect the alleged debt.

13. During said communication, Plaintiff informed Neisha that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

14. Despite having received notice of Plaintiff's attorneys' representation on three separate occasions, on or about October 21, 2014, November 12, 2014 and December 8, 2014, Neisha placed additional telephone calls to Plaintiff, and left voicemail messages for Plaintiff, in further attempts to collect the alleged debt.

15. Despite having received notice of Plaintiff's attorneys' representation on three separate occasions, Defendant caused a letter, dated December 9, 2014, to be mailed to Plaintiff's home address, in another attempt to collect the alleged debt.

16. Plaintiff has a history of severe anxiety. Defendant's repeated communications with Plaintiff caused her to suffer anxiety attacks.

17. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

18. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

20. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

an employee, agent and/or representative of Defendant

## COUNT III

22.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

26. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

28. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

29. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

30. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

31. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

32. Plaintiff did not give Defendant her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

33. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

34. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission violated 47 U.S.C. § 227(b)(1).

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

36. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b.    Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT VI

37.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

38.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

39.    As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DEBBIE LEE

By:   /s/ David B. Levin
       Attorney for Plaintiff

David B. Levin
Illinois Attorney No. 6212141
Admitted to Practice in Northern District of Indiana
Attorney for Plaintiff
Allen Chern Law LLC
79 W. Monroe Street
5th Floor
Chicago, IL 60603
Phone: (312) 940-8163
Fax: (866) 359-7478
dlevin@uprightlaw.com